UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

ADRIENNE GARBINI, LEAH TODD, DIANE
ANASTASIO, NICOLE CROOK, MILLER DUVALL,
MICHAEL JORDAN, JAMES LANGERGAARD,
MARIGNY LEE, AMANDA LUCI, AYALA RAHM,
LEAH RORVIG, MATTHEW ROTH, JOSHUA
RUSSELL, AUBRYN SIDLE, COLIN WEATHERBY,
and WILLIAM WEIKART,

**AMENDED COMPLAINT**

05 Civ. 1565 (KRK)

                                                            Plaintiffs,

**JURY TRIAL DEMANDED**

                            -against-

THE CITY OF NEW YORK, THE HUDSON RIVER
PARK TRUST, P.O. GEORGE SHANNON, P.O. "JOHN"
CORDERO, P.O. CHRISTOPHER CHAN, P.O.
PATRICK SPEECHLEY, P.O. VALERIO RODRIGUEZ,
P.O. JOSEPH CAPPLEMAN, P.O. "JOHN" MARTINEZ,
P.O. "JOHN" FISCHER, and P.O.s JOHN and JANE DOE
#1-50, individually and in their official capacities, (the
names John and Jane Doe being fictitious, as the true
names are presently unknown),

                                                            Defendants.

------------------------------------------------------------------------X

        Plaintiffs ADRIENNE GARBINI, LEAH TODD, DIANE ANASTASIO, NICOLE CROOK,

MILLER DUVALL, MICHAEL JORDAN, JAMES LANGERGAARD, MARIGNY LEE,

AMANDA LUCI, AYALA RAHM, LEAH RORVIG, MATTHEW ROTH, JOSHUA RUSSELL,

AUBRYN SIDLE, COLIN WEATHERBY, and WILLIAM WEIKART, by their attorney, ROSE M.

WEBER, complaining of the defendants, respectfully allege as follows:

**PRELIMINARY STATEMENT**

        1.      Plaintiffs bring this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of their civil

rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States. Plaintiffs also assert supplemental state law tort claims.

### JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

### VENUE

4.      Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

### JURY DEMAND

5.      Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

### PARTIES

6.      Plaintiff ADRIENNE GARBINI is a Caucasian female, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7.      Plaintiff LEAH TODD is a Caucasian female, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

8.      Plaintiff DIANE ANASTASIO is a Caucasian female, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

9.      Plaintiff NICOLE CROOK is a Caucasian female, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

10.     Plaintiff MILLER DUVALL is a Caucasian male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

11.     Plaintiff MICHAEL JORDAN is a Caucasian male, a citizen of the United States, and at all relevant times a resident of the State of Connecticut.

12.     Plaintiff JAMES LANGERGAARD is a Caucasian male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

13.     Plaintiff MARIGNY LEE is a Caucasian female, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

14.     Plaintiff AMANDA LUCI is a Caucasian female, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

15.     Plaintiff AYALA RAHM is a Caucasian female, a permanent resident of the United States, and at all relevant times a resident of the State of California.

16.     Plaintiff LEAH RORVIG is a Caucasian female, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

17.     Plaintiff MATTHEW ROTH is a Caucasian male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

18.     Plaintiff JOSHUA RUSSELL is a Caucasian male, a citizen of the United States, and at all relevant times a resident of the State of Connecticut.

19.     Plaintiff AUBRYN SIDLE is a Caucasian female, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

20.     Plaintiff COLIN WEATHERBY is a Caucasian male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

21.     Plaintiff WILLIAM WEIKART is a Caucasian male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

22.     Defendant THE CITY OF NEW YORK was and is a municipal corporation duly

organized and existing under and by virtue of the laws of the State of New York.

23.     Defendant THE HUDSON RIVER PARK TRUST was and is a public benefit corporation duly organized and existing under and by virtue of the laws of the State of New York.

24.     That at all times hereinafter mentioned, defendant THE HUDSON RIVER PARK TRUST operated, managed, maintained, and controlled a premises designated as Pier 57, in the County, City and State of New York.

25.     That at all times hereinafter mentioned, defendant THE HUDSON RIVER PARK TRUST leased Pier 57 to defendant THE CITY OF NEW YORK.

26.     Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

27.     That at all times hereinafter mentioned, the individually named defendants P.O. GEORGE SHANNON, P.O. "JOHN" CORDERO, P.O. CHRISTOPHER CHAN, P.O. PATRICK SPEECHLEY, P.O. VALERIO RODRIGUEZ, P.O. JOSEPH CAPPLEMAN, P.O. "JOHN" MARTINEZ, P.O. "JOHN" FISCHER, and P.O.s JOHN and JANE DOE #1-50 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

28.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

29.     Each and all of the acts of the defendants alleged herein were done by said defendants

while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

30.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

31.    On August 29, 2004, at approximately noon, plaintiffs were lawfully present on W. 37th Street between Sixth and Seventh Avenues, in the County, City and State of New York.

32.    At aforesaid time and place, members of the New York City Police Department began indiscriminately arresting everyone present at that location.

33.    Defendant police officers handcuffed plaintiffs and placed them under arrest, despite defendants' knowledge that they lacked probable cause to do so.

34.    Upon information and belief, defendant police officers acted pursuant to an unconstitutional mass arrest policy that directed them to arrest individuals who were participating in or were perceived to be participating in protests against the Republican National Convention.

35.    Defendant police officers deliberately handcuffed plaintiffs too tightly and kept plaintiffs handcuffed for an excessive period of time, causing plaintiffs pain and injury.

36.     Defendants transported plaintiffs to Pier 57 in Manhattan, New York.

37.    Upon information and belief, while at Pier 57, plaintiffs were exposed to toxic chemicals and substances, including but not limited to brake fluid, diesel fuel, asbestos, chlorinated hydrocarbons, benzene, lead and sulfur.

38.    Defendants were aware at all relevant times that Pier 57 contained toxic chemicals and substances.

39.    Defendant THE HUDSON RIVER PARK TRUST was aware, at the time that it leased Pier 57 to defendant THE CITY OF NEW YORK, that the pier would be used to house

human beings for an extended period of time.

40.     From Pier 57, plaintiffs were transported to Manhattan Central Booking.

41.     While in custody at Pier 57 and at Manhattan Central Booking, plaintiffs were subjected to unreasonable overcrowding, extremes of heat and/or cold, denial of access to necessary medication and medical attention, denial of adequate food and water, and/or denial of access to counsel.

42.     Plaintiff ADRIENNE GARBINI was held and detained in police custody for approximately twenty-nine hours.

43.     Plaintiff LEAH TODD was held and detained in police custody for approximately twenty-four hours.

44.     Plaintiff DIANE ANASTASIO was held and detained in police custody for approximately twenty-four hours.

45.     Plaintiff NICOLE CROOK was held and detained in police custody for approximately twenty-nine hours.

46.     Plaintiff MILLER DUVALL was held and detained in police custody for approximately thirty-two hours.

47.     Plaintiff MICHAEL JORDAN was held and detained in police custody for approximately twenty-six hours.

48.     Plaintiff JAMES LANGERGAARD was held and detained in police custody for approximately twenty-four hours.

49.     Plaintiff MARIGNY LEE was held and detained in police custody for approximately twenty-nine hours.

50.     Plaintiff AMANDA LUCI was held and detained in police custody for approximately

thirty hours.

51.    Plaintiff AYALA RAHM was held and detained in police custody for approximately thirty-one hours.

52.    Plaintiff LEAH RORVIG was held and detained in police custody for approximately twenty-four hours.

53.    Plaintiff MATTHEW ROTH was held and detained in police custody for approximately twenty-four hours.

54.    Plaintiff JOSHUA RUSSELL was held and detained in police custody for approximately twenty-four hours.

55.    Plaintiff AUBRYN SIDLE was held and detained in police custody for approximately twenty-five hours.

56.    Plaintiff COLIN WEATHERBY was held and detained in police custody for approximately twenty-four hours.

57.    Plaintiff WILLIAM WEIKART was held and detained in police custody for approximately twenty-nine hours.

58.    Defendants initiated criminal proceedings against plaintiffs despite defendants' knowledge that they lacked probable cause to do so.

59.    As a result of the foregoing, plaintiffs sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of their constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

60.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "59" with the same force and effect as if fully set forth herein.

61.    All of the aforementioned acts of defendants, their agents, servants and employees,

were carried out under the color of state law.

62.     All of the aforementioned acts deprived plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

63.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

64.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

65.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

66.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67.     As a result of the aforesaid conduct by defendants, plaintiffs were subjected to illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

68.     As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, they were put in fear for their safety, and they were humiliated and subjected to handcuffing and other physical restraints, without probable cause.

**THIRD CLAIM FOR RELIEF**
**MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983**

69.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70.     Defendants issued legal process to place plaintiffs under arrest.

71.     Defendants arrested plaintiffs in order to obtain a collateral objective outside the legitimate ends of the legal process.

72.     Defendants acted with intent to do harm to plaintiffs without excuse or justification.

**FOURTH CLAIM FOR RELIEF**
**EXCESSIVE FORCE UNDER 42 U.S.C. § 1983**

73.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74.     The level of force employed by defendants was objectively unreasonable and in violation of plaintiffs' constitutional rights.

75.     As a result of the aforementioned conduct of defendants, plaintiffs were subjected to excessive force and sustained physical injuries.

**FIFTH CLAIM FOR RELIEF**
**MUNICIPAL LIABILITY**

76.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

78.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included, but were not limited to,

arresting individuals for peacefully participating in a political protest or for simply being in the vicinity of a political protest.

79.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs.

80.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

81.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

82.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiffs were unlawfully arrested and detained.

83.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs' constitutional rights.

84.     All of the foregoing acts by defendants deprived plaintiffs of federally protected rights, including, but not limited to, the right:

       A.     Not to be deprived of liberty without due process of law;

       B.     To be free from seizure and arrest not based upon probable cause;

       C.     Not to have excessive force imposed upon them;

       D.     To be free from malicious abuse of process;

       E.     Not to have cruel and unusual punishment imposed upon them; and

F.    To receive equal protection under the law.

85.    As a result of the foregoing, each plaintiff is entitled to compensatory damages in the sum of five million dollars ($5,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of five million dollars  ($5,000,000.00).

## PENDANT STATE CLAIMS AGAINST
## THE HUDSON RIVER PARK TRUST

86.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "85" with the same force and effect as if fully set forth herein.

87.    On or about November 26, 2004, and within ninety (90) days after the claim herein accrued, plaintiffs duly served upon, presented to and filed with the Hudson River Park Trust, a Notice of Claim setting forth all facts and information required under section 11 of the Hudson River Park Act and General Municipal Law § 50-e.

88.    The Hudson River Park Trust has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

89.    This action was commenced within one (1) year after the cause of action herein accrued.

90.    Plaintiffs have complied with all conditions precedent to maintaining the instant action.

91.    This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

## FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## NEGLIGENT EXPOSURE TO TOXIC CHEMICALS AND SUBSTANCES

92.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93.    In leasing Pier 57 to the City of New York with knowledge that it would be used to house human beings, defendant HUDSON RIVER PARK TRUST assumed a duty of care to ensure that plaintiffs were not exposed to toxic chemicals and substances.

94.    Defendant HUDSON RIVER PARK TRUST breached that duty of care by failing to decontaminate Pier 57 or otherwise make it safe for occupancy by plaintiffs.

95.    Defendant HUDSON RIVER PARK TRUST further breached that duty of care by failing to warn plaintiffs that Pier 57 was contaminated by toxic chemicals and substances.

96.    As a result of the aforementioned conduct, plaintiffs were exposed to toxic chemicals and substances, the effects of which have not yet been ascertained.

97.    As a result of the aforementioned conduct and of the resulting toxic exposure, plaintiffs have suffered severe emotional distress, physical and mental injury, shock, and fright, and are entitled to compensatory damages including, but not limited to, future medical expenses including, but not limited to, medical monitoring and testing.

### SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### <u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

98.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "97" with the same force and effect as if fully set forth herein.

99.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

100.    The aforementioned conduct was committed by employees, servants and/or agents of defendant HUDSON RIVER PARK TRUST, while acting within the scope of their employment.

101.    The aforementioned conduct was committed by employees, servants and/or agents of defendant HUDSON RIVER PARK TRUST, while acting in furtherance of their employment.

102.    The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiffs.

103.    As a result of the aforementioned conduct, plaintiffs suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

104.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "103" with the same force and effect as if fully set forth herein.

105.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

106.    The aforementioned conduct was negligent and caused severe emotional distress to plaintiffs.

107.    The aforementioned conduct was committed by employees, servants and/or agents of defendant HUDSON RIVER PARK TRUST, while acting within the scope of their employment.

108.    The aforementioned conduct was committed by employees, servants and/or agents of defendant HUDSON RIVER PARK TRUST, while acting in furtherance of their employment.

109.    As a result of the aforementioned conduct, plaintiffs suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## PRIMA FACIE TORT

110.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "109" with the same force and effect as if fully set forth herein.

111.    Defendant HUDSON RIVER PARK TRUST, by the aforesaid conduct, inflicted harm upon plaintiffs.

112.    The aforesaid conduct of defendant HUDSON RIVER PARK TRUST was intentional.

113.    The aforesaid conduct of defendant HUDSON RIVER PARK TRUST was without any excuse or justification.

114.    As a result of the conduct of defendant HUDSON RIVER PARK TRUST, plaintiffs sustained, *inter alia*, severe physical and emotional injuries and special damages.

115.    As a result of the foregoing, each plaintiff is entitled to compensatory damages in the sum of five million dollars ($5,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of five million dollars  ($5,000,000.00).

**WHEREFORE**, each plaintiff demands judgment in the sum of five million dollars ($5,000,000.00) in compensatory damages and five million dollars ($5,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:          New York, New York
                August 24, 2005

_____/s_____
ROSE M. WEBER (RW 0515)
225 Broadway, Suite 1608
New York, NY 10007
(212) 748-3355