UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

ADRIENNE GARBINI, LEAH TODD, DIANE
ANASTASIO, JASON BUHLE, NICOLE CROOK,
MILLER DUVALL, JAMES DYER, MICHAEL
JORDAN, JAMES LANGERGAARD, MARIGNY LEE,
AMANDA LUCI, IZABELA NORWID, AYALA RAHM,
KATHERINE ROBERTS, LEAH RORVIG, MATTHEW
ROTH, JOSHUA RUSSELL, AUBRYN SIDLE, MARK
TAYLOR, COLIN WEATHERBY, WILLIAM
WEIKART, and TOMAS MELCHOR,

                                                   Plaintiffs,

                     -against-

THE CITY OF NEW YORK, THE HUDSON RIVER
PARK TRUST, P.O. GEORGE SHANNON, P.O. JAVIER
CORDERO, P.O. CHRISTOPHER CHAN, P.O.
PATRICK SPEECHLEY, P.O. VALERIO RODRIGUEZ,
P.O. JOSEPH CAPPLEMAN, P.O. MOISES MARTINEZ,
P.O. TYREE FISCHER, P.O. SAL SEDITA, P.O. BRETT
BARA, P.O. HERIBERTO MERCADO, P.O.
COURTNEY HAMLIN, MAYOR MICHAEL
BLOOMBERG, POLICE COMMISSIONER RAYMOND
KELLY, CHIEF JOSEPH ESPOSITO, CHIEF
NICHOLAS ESTAVILLO, ASST. CHIEF BRUCE
SMOLKA, DEPUTY CHIEF THOMAS PURTELL,
DEPUTY COMMISSIONER JOHN COLGAN, CHIEF
PATRICK DEVLIN, INSP. THOMAS GRAHAM,
DEPUTY CHIEF TERENCE MONAHAN, CAPT.
JOSEPH DOWLING, and P.O.s  JOHN and JANE DOE
#1-50, individually and in their official capacities, (the
names John and Jane Doe being fictitious, as the true
names are presently unknown),

                                                Defendants.

------------------------------------------------------------------------X

**THIRD
AMENDED COMPLAINT**

05 Civ. 1565 (KMK) (JCF)

**JURY TRIAL DEMANDED**

Plaintiffs ADRIENNE GARBINI, LEAH TODD, DIANE ANASTASIO, JASON BUHLE,

NICOLE CROOK, MILLER DUVALL, JAMES DYER, MICHAEL JORDAN, JAMES

LANGERGAARD, MARIGNY LEE, AMANDA LUCI, IZABELA NORWID, AYALA RAHM, KATHERINE ROBERTS, LEAH RORVIG, MATTHEW ROTH, JOSHUA RUSSELL, AUBRYN SIDLE, COLIN WEATHERBY, MARK TAYLOR, WILLIAM WEIKART, and TOMAS MELCHOR, by their attorney, ROSE M. WEBER, complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

1.     Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.  Plaintiffs also assert supplemental state law tort claims.

## JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.     Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.     Plaintiff ADRIENNE GARBINI is a Caucasian female, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7.    Plaintiff LEAH TODD is a Caucasian female, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

8.    Plaintiff DIANE ANASTASIO is a Caucasian female, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

9.    Plaintiff JASON BUHLE is a Caucasian male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

10.    Plaintiff NICOLE CROOK is an Asian-American and Caucasian female, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

11.    Plaintiff MILLER DUVALL is a Caucasian male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

12.    Plaintiff JAMES DYER is a Caucasian male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

13.    Plaintiff MICHAEL JORDAN is a Caucasian male, a citizen of the United States, and at all relevant times a resident of the State of Connecticut.

14.    Plaintiff JAMES LANGERGAARD is a Caucasian male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

15.    Plaintiff MARIGNY LEE is a Caucasian female, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

16.    Plaintiff AMANDA LUCI is a Caucasian female, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

17.    Plaintiff IZABELA NORWID is a Caucasian female, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

18.    Plaintiff AYALA RAHM is a Caucasian female, a permanent resident of the United States, and at all relevant times a resident of the State of California.

19.    Plaintiff KATHERINE ROBERTS is a Caucasian female, a citizen of the United States, and at all relevant times a resident of the State of California.

20.    Plaintiff LEAH RORVIG is a Caucasian female, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

21.    Plaintiff MATTHEW ROTH is a Caucasian male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

22.    Plaintiff JOSHUA RUSSELL is a Caucasian male, a citizen of the United States, and at all relevant times a resident of the State of Connecticut.

23.    Plaintiff AUBRYN SIDLE is a Caucasian female, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

24.    Plaintiff MARK TAYLOR is a Caucasian male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

25.    Plaintiff COLIN WEATHERBY is a Caucasian male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

26.    Plaintiff WILLIAM WEIKART is a Caucasian male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

27.    Plaintiff TOMAS MELCHOR is a Latino male, a citizen of the United States, and at all relevant times a resident of the State of New Jersey.

28.    Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

29.     That at all times hereinafter mentioned, the individually named defendant MAYOR MICHAEL BLOOMBERG was the Mayor of the City of New York and was acting according to his official duties.

30.     Defendant THE HUDSON RIVER PARK TRUST was and is a public benefit corporation duly organized and existing under and by virtue of the laws of the State of New York.

31.     That at all times hereinafter mentioned, defendant THE HUDSON RIVER PARK TRUST operated, managed, maintained, and controlled a premises designated as Pier 57, in the County, City and State of New York.

32.     That at all times hereinafter mentioned, defendant THE HUDSON RIVER PARK TRUST leased Pier 57 to defendant THE CITY OF NEW YORK.

33.     Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

34.     That at all times hereinafter mentioned, the individually named defendant POLICE COMMISSIONER RAYMOND KELLY was the Commissioner of said department and was acting according to his official duties.

35.     That at all times hereinafter mentioned, the individually named defendants P.O. GEORGE SHANNON, P.O. JAVIER CORDERO, P.O. CHRISTOPHER CHAN, P.O. PATRICK SPEECHLEY, P.O. VALERIO RODRIGUEZ, P.O. JOSEPH CAPPLEMAN, P.O. MOISES MARTINEZ, P.O. TYREE FISCHER, P.O. SAL SEDITA, P.O. BRETT BARA, P.O. HERIBERTO MERCADO, P.O. COURTNEY HAMLIN, CHIEF JOSEPH ESPOSITO, CHIEF NICHOLAS

ESTAVILLO, ASST. CHIEF BRUCE SMOLKA, DEPUTY CHIEF THOMAS PURTELL, DEPUTY COMMISSIONER JOHN COLGAN, CHIEF PATRICK DEVLIN, INSP. THOMAS GRAHAM, DEPUTY CHIEF TERENCE MONAHAN, CAPT. JOSEPH DOWLING, and P.O.s JOHN and JANE DOE #1-50 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

36.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

37.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

38.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## **FACTS**

39.     On August 29, 2004, at approximately noon, plaintiffs were lawfully present on W. 37th Street between Sixth and Seventh Avenues, in the County, City and State of New York.

40.     At aforesaid time and place, members of the New York City Police Department began indiscriminately arresting everyone present at that location.

41.     Defendant police officers used unnecessary force in taking plaintiffs into custody.

42.     Defendant police officers handcuffed plaintiffs and placed them under arrest, despite defendants' knowledge that they lacked probable cause to do so.

43.     Upon information and belief, defendant police officers acted pursuant to an unconstitutional mass arrest policy that directed them to arrest individuals who were participating in or were perceived to be participating in protests against the Republican National Convention.

44.     Upon information and belief, defendants MAYOR MICHAEL BLOOMBERG, POLICE COMMISSIONER RAYMOND KELLY, CHIEF JOSEPH ESPOSITO, CHIEF NICHOLAS ESTAVILLO, ASST. CHIEF BRUCE SMOLKA, DEPUTY CHIEF THOMAS PURTELL, DEPUTY COMMISSIONER JOHN COLGAN, CHIEF PATRICK DEVLIN, INSP. THOMAS GRAHAM, DEPUTY CHIEF TERENCE MONAHAN, and CAPT. JOSEPH DOWLING were personally involved in formulating and/or implementing the policies and procedures that resulted in plaintiffs' unlawful arrests, incarcerations, and prosecutions.

45.     Defendant police officers deliberately handcuffed plaintiffs too tightly and kept plaintiffs handcuffed for an excessive period of time, causing plaintiffs pain and injury.

46.      Defendant police officers transported plaintiffs to Pier 57 in Manhattan, New York.

47.     Plaintiffs were unlawfully denied Desk Appearance Tickets and/or summonses.

48.     Upon information and belief, while at Pier 57, plaintiffs were exposed to toxic chemicals and substances, including but not limited to brake fluid, diesel fuel, asbestos, chlorinated hydrocarbons, benzene, lead and sulfur.

49.     Defendants were aware at all relevant times that Pier 57 contained toxic chemicals and substances.

50.     Defendant THE HUDSON RIVER PARK TRUST was aware, at the time that it leased Pier 57 to defendant THE CITY OF NEW YORK, that the pier would be used to house human beings for an extended period of time.

51.     From Pier 57, plaintiffs were transported to Manhattan Central Booking.

52.     While in custody at Pier 57 and at Manhattan Central Booking, plaintiffs were subjected to unreasonable overcrowding, extremes of heat and/or cold, denial of access to necessary

medication and medical attention, denial of adequate food and water, and/or denial of access to counsel.

53.     Plaintiff ADRIENNE GARBINI was held and detained in police custody for approximately twenty-nine hours.

54.     Plaintiff LEAH TODD was held and detained in police custody for approximately twenty-four hours.

55.     Plaintiff DIANE ANASTASIO was held and detained in police custody for approximately twenty-four hours.

56.     Plaintiff JASON BUHLE was held and detained in police custody for approximately twenty-four hours.

57.     Plaintiff NICOLE CROOK was held and detained in police custody for approximately twenty-nine hours.

58.     Plaintiff MILLER DUVALL was held and detained in police custody for approximately thirty-two hours.

59.     Plaintiff JAMES DYER was held and detained in police custody for approximately thirty hours.

60.     Plaintiff MICHAEL JORDAN was held and detained in police custody for approximately twenty-six hours.

61.     Plaintiff JAMES LANGERGAARD was held and detained in police custody for approximately twenty-four hours.

62.     Plaintiff MARIGNY LEE was held and detained in police custody for approximately twenty-nine hours.

63.    Plaintiff AMANDA LUCI was held and detained in police custody for approximately thirty hours.

64.    Plaintiff IZABELA NORWID was held and detained in police custody for approximately twenty-four hours.

65.    Plaintiff AYALA RAHM was held and detained in police custody for approximately thirty-one hours.

66.    Plaintiff KATHERINE ROBERTS was held and detained in police custody for approximately twenty-nine hours.

67.    Plaintiff LEAH RORVIG was held and detained in police custody for approximately twenty-four hours.

68.    Plaintiff MATTHEW ROTH was held and detained in police custody for approximately twenty-four hours.

69.    Plaintiff JOSHUA RUSSELL was held and detained in police custody for approximately twenty-four hours.

70.    Plaintiff AUBRYN SIDLE was held and detained in police custody for approximately twenty-five hours.

71.    Plaintiff MARK TAYLOR was held and detained in police custody for approximately twenty-nine hours.

72.    Plaintiff COLIN WEATHERBY was held and detained in police custody for approximately twenty-four hours.

73.    Plaintiff WILLIAM WEIKART was held and detained in police custody for approximately twenty-nine hours.

74.    Plaintiff TOMAS MELCHOR was held and detained in police custody for approximately twenty-five hours.

75.    Defendants initiated criminal proceedings against plaintiffs despite defendants' knowledge that they lacked probable cause to do so.

76.    In or about March 2005, plaintiff ADRIENNE GARBINI accepted an Adjournment in Contemplation of Dismissal.

77.    During the period between August 29, 2004 and October 12, 2005, plaintiff LEAH TODD was required to make numerous court appearances to defend herself in the criminal proceedings that defendants had initiated against her.

78.    On or about October 12, 2005, all charges against plaintiff LEAH TODD were dismissed.

79.    On or about April 11, 2005, plaintiff DIANE ANASTASIO accepted an Adjournment in Contemplation of Dismissal.

80.    On or about January 18, 2005, plaintiff NICOLE CROOK accepted an Adjournment in Contemplation of Dismissal.

81.    On or about March 24, 2005, plaintiff MILLER DUVALL accepted an Adjournment in Contemplation of Dismissal.

82.    In or about March 2005, plaintiff JAMES DYER accepted an Adjournment in Contemplation of Dismissal.

83.    On or about March 14, 2005, plaintiff MICHAEL JORDAN accepted an Adjournment in Contemplation of Dismissal.

84.    On or about March 14, 2005, plaintiff JAMES LANGERGAARD accepted an Adjournment in Contemplation of Dismissal.

85.     During the period between August 29, 2004 and October 12, 2005, plaintiff MARIGNY LEE was required to make numerous court appearances to defend herself in the criminal proceedings that defendants had initiated against her.

86.     On or about October 12, 2005, all charges against plaintiff MARIGNY LEE were dismissed.

87.     On or about October 25, 2004, plaintiff AMANDA LUCI accepted an Adjournment in Contemplation of Dismissal.

88.     During the period between August 29, 2004 and September 15, 2005, plaintiff IZABELA NORWID was required to make numerous court appearances to defend herself in the criminal proceedings that defendants had initiated against her.

89.     On or about September 15, 2005, all charges against plaintiff IZABELA NORWID were dismissed.

90.     During the period between August 29, 2004 and August 8, 2005, plaintiff KATHERINE ROBERTS was required to make numerous court appearances to defend herself in the criminal proceedings that defendants had initiated against her.

91.     On or about August 8, 2005, all charges against plaintiff KATHERINE ROBERTS were dismissed.

92.     During the period between August 29, 2004 and October 12, 2005, plaintiff LEAH RORVIG was required to make numerous court appearances to defend herself in the criminal proceedings that defendants had initiated against her.

93.     On or about October 12, 2005, all charges against plaintiff LEAH RORVIG were dismissed.

94.     During the period between August 29, 2004 and August 2005, plaintiff MARK TAYLOR was required to make numerous court appearances to defend himself in the criminal proceedings that defendants had initiated against him.

95.     In or about August 2005, all charges against plaintiff MARK TAYLOR were dismissed.

96.     During the period between August 29, 2004 and September 8, 2005, plaintiff COLIN WEATHERBY was required to make numerous court appearances to defend himself in the criminal proceedings that defendants had initiated against him.

97.     On or about September 8, 2005, all charges against plaintiff COLIN WEATHERBY were dismissed.

98.     On or about March 14, 2005, plaintiff WILLIAM WEIKART accepted an Adjournment in Contemplation of Dismissal.

99.     During the period between August 29, 2004 and September 8, 2005, plaintiff TOMAS MELCHOR was required to make numerous court appearances to defend himself in the criminal proceedings that defendants had initiated against him.

100.     On or about September 8, 2005, all charges against plaintiff TOMAS MELCHOR were dismissed.

101.     As a result of the foregoing, plaintiffs sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of their constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

102.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "101" with the same force and effect as if fully set forth herein.

103.    All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

104.    All of the aforementioned acts deprived plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

105.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

106.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

107.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

**SECOND CLAIM FOR RELIEF**
**FALSE ARREST UNDER 42 U.S.C. § 1983**

108.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "107" with the same force and effect as if fully set forth herein.

109.    As a result of the aforesaid conduct by defendants, plaintiffs were subjected to illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

110.    As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, they were put in fear for their safety, and they were humiliated and subjected to handcuffing and other physical restraints, without probable cause.

### THIRD CLAIM FOR RELIEF
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

111.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "110" with the same force and effect as if fully set forth herein.

112.    Defendants misrepresented and falsified evidence before the District Attorney.

113.    Defendants did not make a complete and full statement of facts to the District Attorney.

114.    Defendants withheld exculpatory evidence from the District Attorney.

115.    Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiffs LEAH TODD, MARIGNY LEE, IZABELA NORWID, KATHERINE ROBERTS, LEAH RORVIG, MARK TAYLOR, and COLIN WEATHERBY.

116.    Defendants lacked probable cause to initiate criminal proceedings against plaintiffs LEAH TODD, MARIGNY LEE, IZABELA NORWID, KATHERINE ROBERTS, LEAH RORVIG, MARK TAYLOR, COLIN WEATHERBY, and TOMAS MELCHOR.

117.    Defendants acted with malice in initiating criminal proceedings against plaintiffs LEAH TODD, MARIGNY LEE, IZABELA NORWID, KATHERINE ROBERTS, LEAH RORVIG, MARK TAYLOR, COLIN WEATHERBY, and TOMAS MELCHOR.

118.    Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiffs LEAH TODD, MARIGNY LEE, IZABELA NORWID, KATHERINE ROBERTS, LEAH RORVIG, MARK TAYLOR, COLIN WEATHERBY, and TOMAS MELCHOR.

119.    Defendants lacked probable cause to continue criminal proceedings against plaintiffs LEAH TODD, MARIGNY LEE, IZABELA NORWID, KATHERINE ROBERTS, LEAH RORVIG, MARK TAYLOR, COLIN WEATHERBY, and TOMAS MELCHOR.

120.    Defendants acted with malice in continuing criminal proceedings against plaintiffs LEAH TODD, MARIGNY LEE, IZABELA NORWID, KATHERINE ROBERTS, LEAH RORVIG, MARK TAYLOR, COLIN WEATHERBY, and TOMAS MELCHOR.

121.    Defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

122.    Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff LEAH TODD's favor on October 12, 2005, when all charges against her were dismissed.

123.    Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff MARIGNY LEE's favor on October 12, 2005, when all charges against her were dismissed.

124.    Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff IZABELA NORWID's favor on September 15, 2005, when all charges against her were dismissed.

125.    Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff KATHERINE ROBERTS's favor on August 8, 2005, when all charges against her were dismissed.

126.    Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff LEAH RORVIG's favor on October 12, 2005, when all charges against her were dismissed.

127.    Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff MARK TAYLOR's favor in or about August 2005, when all charges against him were dismissed.

128.    Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff COLIN WEATHERBY's favor on September 8, 2005, when all charges against him were dismissed.

129.    Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff TOMAS MELCHOR's favor on September 8, 2005, when all charges against him were dismissed

### FOURTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

130.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "129" with the same force and effect as if fully set forth herein.

131.    Defendants issued legal process to place plaintiffs under arrest.

132.    Defendants arrested plaintiffs in order to obtain a collateral objective outside the legitimate ends of the legal process.

133.    Defendants acted with intent to do harm to plaintiffs without excuse or justification.

### FIFTH CLAIM FOR RELIEF
### EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

134.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "133" with the same force and effect as if fully set forth herein.

135.    The level of force employed by defendants was objectively unreasonable and in violation of plaintiffs' constitutional rights.

136.    As a result of the aforementioned conduct of defendants, plaintiffs were subjected to

excessive force and sustained physical injuries.

## SIXTH CLAIM FOR RELIEF
## FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION

137.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "136" with the same force and effect as if fully set forth herein.

138.    The arrest and detention of plaintiffs was intended to, and did, chill plaintiffs' right to assemble peaceably.

139.    The arrest and detention of plaintiffs was intended to, and did, chill plaintiffs' right to free speech.

140.    The arrest and detention of plaintiffs was intended to, and did, chill plaintiffs' right to petition the government for a redress of grievances.

141.    Plaintiffs were denied Desk Appearance Tickets and/or summonses in retaliation for their exercise of their First Amendment rights.

## SEVENTH CLAIM FOR RELIEF
## CONDITIONS OF CONFINEMENT UNDER 42 U.S.C. § 1983

142.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "141" with the same force and effect as if fully set forth herein.

143.    Plaintiffs were subjected to unlawful conditions of confinement including, but not limited to, exposure to toxic substances, unreasonable overcrowding, extremes of heat and/or cold, denial of access to necessary medication and medical attention, denial of adequate food and water, denial of bathroom facilities, and/or denial of access to counsel.

144.    As a result of the foregoing, plaintiffs sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of their constitutional rights.

## EIGHTH CLAIM FOR RELIEF
## <u>MUNICIPAL LIABILITY</u>

145.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "144" with the same force and effect as if fully set forth herein.

146.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

147.    The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included, but were not limited to, making mass arrests without individualized probable cause; arresting individuals for peacefully participating in a political protest or for simply being in the vicinity of a political protest; using unnecessary force in taking individuals into custody; deliberately handcuffing detainees too tightly; denying Desk Appearance Tickets and/or summonses; detaining individuals for excessive periods of time; exposing detainees to toxic substances and other unlawful conditions of confinement; and falsifying documents, videotapes, evidence, and testimony.

148.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs.

149.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

150.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

151.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiffs were unlawfully arrested and detained.

152.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs' constitutional rights.

153.    All of the foregoing acts by defendants deprived plaintiffs of federally protected rights, including, but not limited to, the right:

    A.    Not to be deprived of liberty without due process of law;

    B.    To be free from seizure and arrest not based upon probable cause;

    C.    Not to have excessive force imposed upon them;

    D.    To be free from unwarranted and malicious criminal prosecution;

    E.    To be free from malicious abuse of process;

    F.    To exercise their First Amendment rights;

    G.    Not to be subjected to unlawful conditions of confinement;

    H.    Not to have cruel and unusual punishment imposed upon them; and

    I.    To receive equal protection under the law.

154.    As a result of the foregoing, each plaintiff is entitled to compensatory damages in the sum of five million dollars ($5,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of five million dollars ($5,000,000.00).

## **PENDANT STATE CLAIMS**

### **(BY ALL PLAINTIFFS EXCEPT MICHAEL JORDAN AND TOMAS MELCHOR)**

155.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "154" with the same force and effect as if fully set forth herein.

156.    On or about November 26, 2004, and within ninety (90) days after the claim herein accrued, plaintiffs duly served upon, presented to and filed with the City of New York and the Hudson River Park Trust, a Notice of Claim setting forth all facts and information required under General Municipal Law § 50-e and section 11 of the Hudson River Park Act.

157.    The City of New York and the Hudson River Park Trust have wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

158.    On or about August 31, 2005, and within ninety (90) days after the claim for malicious prosecution herein accrued, plaintiff KATHERINE ROBERTS duly served upon, presented to and filed with the City of New York, an Amended Notice of Claim setting forth all facts and information required under the General Municipal Law § 50-e.

159.    On or about November 21, 2005, and within ninety (90) days after the claim for malicious prosecution herein accrued, plaintiffs LEAH TODD, MARIGNY LEE, IZABELA NORWID, LEAH RORVIG, and COLIN WEATHERBY duly served upon, presented to and filed with the City of New York, Amended Notices of Claim setting forth all facts and information required under the General Municipal Law § 50-e.

160.    The City of New York demanded hearings pursuant to General Municipal Law § 50-h and said hearings were conducted on the following dates:  plaintiff ADRIENNE GARBINI – June 24, 2005; plaintiff DIANE ANASTASIO – April 13, 2005; plaintiff JASON BUHLE – February 16, 2005; plaintiff NICOLE CROOK – March 16, 2005; plaintiff MILLER DUVALL – April 12, 2005; JAMES DYER – September 2005; plaintiff JAMES LANGERGAARD – April 27, 2005; plaintiff MARIGNY LEE – November 17, 2005; plaintiff AMANDA LUCI – June 3, 2005; KATHERINE ROBERTS – August 12, 2005; plaintiff MATTHEW ROTH – March 3, 2005;

plaintiff JOSHUA RUSSELL – June 7, 2005; plaintiff AUBRYN SIDLE – April 11, 2005; plaintiff MARK TAYLOR – October 12, 2005; plaintiff COLIN WEATHERBY – April 7, 2005; plaintiff WILL WEIKART – May 25, 2005.

161.    The City of New York failed to schedule hearings pursuant to General Municipal Law § 50-h for the following plaintiffs and such hearings are accordingly deemed waived:  plaintiff LEAH TODD, plaintiff IZABELA NORWID, plaintiff AYALA RAHM, and plaintiff LEAH RORVIG.

162.    This action was commenced against the Hudson River Park Trust within one (1) year after the cause of action herein accrued and against the City of New York within one (1) year and ninety (90) days after the cause of action herein accrued.

163.    Plaintiffs have complied with all conditions precedent to maintaining the instant action.

164.    This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

**FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW**
**FALSE ARREST**

**(AGAINST DEFENDANTS CITY, SHANNON, CORDERO, CHAN, SPEECHLEY, RODRIGUEZ, CAPPLEMAN, MARTINEZ, FISHER, SEDITA, and BARA ONLY)**

165.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "164" with the same force and effect as if fully set forth herein.

166.    Defendant police officers arrested plaintiffs in the absence of probable cause and without a warrant.

167.    As a result of the aforesaid conduct by defendants, plaintiffs were subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely

imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings.

168.    The aforesaid actions by the defendants constituted a deprivation of plaintiffs' rights.

## SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## FALSE IMPRISONMENT

### (AGAINST DEFENDANTS CITY, SHANNON, CORDERO, CHAN, SPEECHLEY, RODRIGUEZ, CAPPLEMAN, MARTINEZ, FISHER, SEDITA, and BARA ONLY)

169.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "168" with the same force and effect as if fully set forth herein.

170.    As a result of the foregoing, plaintiffs were falsely imprisoned, their liberty was restricted for an extended period of time, they were put in fear for their safety, and they were humiliated and subjected to handcuffing and other physical restraints.

171.    Plaintiffs were conscious of said confinement and did not consent to same.

172.    The confinement of plaintiffs was without probable cause and was not otherwise privileged.

173.    As a result of the aforementioned conduct, plaintiffs have suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## ASSAULT

### (AGAINST DEFENDANTS CITY, SHANNON, CORDERO, CHAN, SPEECHLEY, RODRIGUEZ, CAPPLEMAN, MARTINEZ, FISHER, SEDITA, and BARA ONLY)

174.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "173" with the same force and effect as if fully set forth herein.

175.    Defendants' aforementioned actions placed plaintiffs in apprehension of imminent harmful and offensive bodily contact.

176.    As a result of defendants' conduct, plaintiffs have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### BATTERY

**(AGAINST DEFENDANTS CITY, SHANNON, CORDERO, CHAN, SPEECHLEY, RODRIGUEZ, CAPPLEMAN, MARTINEZ, FISHER, SEDITA, and BARA ONLY)**

177.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "176" with the same force and effect as if fully set forth herein.

178.    Defendant police officers touched plaintiffs in a harmful and offensive manner.

179.    Defendant police officers did so without privilege or consent from plaintiffs.

180.    As a result of defendants' conduct, plaintiffs have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

### FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### MALICIOUS PROSECUTION

**(AGAINST DEFENDANTS CITY, SHANNON, CORDERO, CHAN, SPEECHLEY, RODRIGUEZ, CAPPLEMAN, MARTINEZ, FISHER, SEDITA, and BARA ONLY)**

181.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "180" with the same force and effect as if fully set forth herein.

182.    On or about August 29, 2004, the defendant City of New York, its agents, servants and employees, and the aforesaid defendant police officers commenced a criminal proceeding against plaintiffs, and falsely and maliciously, and without probable cause, charged plaintiffs with crimes.

183.    Defendants, with the consent and participation of one another, continued said proceeding despite the fact that they knew or should have known that plaintiffs had not committed any crimes, that there were no exigent circumstances justifying a warrantless arrest, and that there

was no need for the arrest and imprisonment of plaintiffs.

184.    Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiffs.

185.    Defendants lacked probable cause to initiate criminal proceedings against plaintiffs.

186.    Defendants were motivated by actual malice in initiating criminal proceedings against plaintiffs.

187.    Defendants misrepresented and falsified evidence before the District Attorney.

188.    Defendants did not make a complete and full statement of facts to the District Attorney.

189.    Defendants withheld exculpatory evidence from the District Attorney.

190.    Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiffs.

191.    Defendants lacked probable cause to continue criminal proceedings against plaintiffs.

192.    Defendants were motivated by actual malice in continuing criminal proceedings against plaintiffs.

193.    Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff LEAH TODD's favor on October 12, 2005, when all charges against her were dismissed.

194.    Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff MARIGNY LEE's favor on October 12, 2005, when all charges against her were dismissed.

195.    Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff IZABELA NORWID's favor on September 15, 2005, when all charges against her were dismissed.

196.    Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff KATHERINE ROBERTS's favor on August 8, 2005, when all charges against her were dismissed.

197.    Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff LEAH RORVIG's favor on October 12, 2005, when all charges against her were dismissed.

198.    Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff MARK TAYLOR's favor in or about August 2005, when all charges against him were dismissed.

199.    Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff COLIN WEATHERBY's favor on October 12, 2005, when all charges against him were dismissed.

## SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## MALICIOUS ABUSE OF PROCESS

### (AGAINST DEFENDANTS CITY, SHANNON, CORDERO, CHAN, SPEECHLEY, RODRIGUEZ, CAPPLEMAN, MARTINEZ, FISHER, SEDITA, and BARA ONLY)

200.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "199" with the same force and effect as if fully set forth herein.

201.    Defendant police officers issued legal process to place plaintiffs under arrest.

202.    Defendant police officers arrested plaintiffs to obtain a collateral objective outside the legitimate ends of the legal process.

203.    Defendant police officers acted with intent to do harm to plaintiffs, without excuse or justification.

204.    As a result of the aforementioned conduct, plaintiffs suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### SEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT EXPOSURE TO TOXIC CHEMICALS AND SUBSTANCES

### (AGAINST DEFENDANTS CITY, SHANNON, CORDERO, CHAN, SPEECHLEY, RODRIGUEZ, CAPPLEMAN, MARTINEZ, FISHER, SEDITA, and BARA ONLY)

205.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "204" with the same force and effect as if fully set forth herein.

206.    In housing plaintiffs at Pier 57, the Municipal Defendants assumed a duty of care to ensure that plaintiffs were not exposed to toxic chemicals and substances.

207.    The Municipal Defendants breached that duty of care by failing to decontaminate Pier 57 or otherwise make it safe for occupancy by plaintiffs.

208.    The Municipal Defendants further breached that duty of care by failing to warn plaintiffs that Pier 57 was contaminated by toxic chemicals and substances.

209.    As a result of the aforementioned conduct, plaintiffs were exposed to toxic chemicals and substances, the effects of which have not yet been ascertained.

210.    As a result of the aforementioned conduct and of the resulting toxic exposure, plaintiffs have suffered severe emotional distress, physical and mental injury, shock, and fright, and are entitled to compensatory damages including, but not limited to, future medical expenses including, but not limited to, medical monitoring and testing.

## EIGHTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## NEGLIGENT EXPOSURE TO TOXIC CHEMICALS AND SUBSTANCES

### (AGAINST HUDSON RIVER PARK TRUST ("HRPT"))

211.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "210" with the same force and effect as if fully set forth herein.

212.    In leasing Pier 57 to the City of New York with knowledge that it would be used to house human beings, defendant HUDSON RIVER PARK TRUST assumed a duty of care to ensure that plaintiffs were not exposed to toxic chemicals and substances.

213.    Defendant HUDSON RIVER PARK TRUST breached that duty of care by failing to decontaminate Pier 57 or otherwise make it safe for occupancy by plaintiffs.

214.    Defendant HUDSON RIVER PARK TRUST further breached that duty of care by failing to warn plaintiffs that Pier 57 was contaminated by toxic chemicals and substances.

215.    As a result of the aforementioned conduct, plaintiffs were exposed to toxic chemicals and substances, the effects of which have not yet been ascertained.

216.    As a result of the aforementioned conduct and of the resulting toxic exposure, plaintiffs have suffered severe emotional distress, physical and mental injury, shock, and fright, and are entitled to compensatory damages including, but not limited to, future medical expenses including, but not limited to, medical monitoring and testing.

## NINTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (AGAINST DEFENDANTS CITY, HRPT, SHANNON, CORDERO, CHAN, SPEECHLEY, RODRIGUEZ, CAPPLEMAN, MARTINEZ, FISHER, SEDITA, and BARA ONLY)

217.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "216" with the same force and effect as if fully set forth herein.

218.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

219.    The aforementioned conduct was committed by employees, servants and/or agents of defendants THE CITY OF NEW YORK and HUDSON RIVER PARK TRUST, while acting within the scope of their employment.

220.    The aforementioned conduct was committed by employees, servants and/or agents of defendants THE CITY OF NEW YORK and HUDSON RIVER PARK TRUST, while acting in furtherance of their employment.

221.    The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiffs.

222.    As a result of the aforementioned conduct, plaintiffs suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## TENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## <u>NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS</u>

### (AGAINST DEFENDANTS CITY, HRPT, SHANNON, CORDERO, CHAN, SPEECHLEY, RODRIGUEZ, CAPPLEMAN, MARTINEZ, FISHER, SEDITA, and BARA ONLY)

223.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "222" with the same force and effect as if fully set forth herein.

224.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

225.    The aforementioned conduct was negligent and caused severe emotional distress to plaintiffs.

226.    The aforementioned conduct was committed by employees, servants and/or agents of defendants THE CITY OF NEW YORK and HUDSON RIVER PARK TRUST, while acting within the scope of their employment.

227.    The aforementioned conduct was committed by employees, servants and/or agents of defendants THE CITY OF NEW YORK and HUDSON RIVER PARK TRUST, while acting in furtherance of their employment.

228.    As a result of the aforementioned conduct, plaintiffs suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## ELEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### PRIMA FACIE TORT

**(AGAINST DEFENDANTS CITY, HRPT, SHANNON, CORDERO, CHAN, SPEECHLEY, RODRIGUEZ, CAPPLEMAN, MARTINEZ, FISHER, SEDITA, and BARA ONLY)**

229.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "228" with the same force and effect as if fully set forth herein.

230.    Defendants, by the aforesaid conduct, inflicted harm upon plaintiffs.

231.    The aforesaid conduct of defendants was intentional.

232.    The aforesaid conduct of defendants was without any excuse or justification.

233.    As a result of the conduct of defendants, plaintiffs sustained, *inter alia*, severe physical and emotional injuries and special damages.

## TWELFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## <u>NEGLIGENT HIRING AND RETENTION</u>

### (AGAINST DEFENDANT CITY OF NEW YORK ONLY)

234.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "233" with the same force and effect as if fully set forth herein.

235.    Upon information and belief, defendant City of New York failed to use reasonable care in the hiring and retention of the aforesaid defendants who authorized, conducted and participated in the arrest of plaintiffs.

236.    Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the defendants P.O. GEORGE SHANNON, P.O. JAVIER CORDERO, P.O. CHRISTOPHER CHAN, P.O. PATRICK SPEECHLEY, P.O. VALERIO RODRIGUEZ, P.O. JOSEPH CAPPLEMAN, P.O. MOISES MARTINEZ, P.O. TYREE FISCHER, P.O. SAL SEDITA, P.O. BRETT BARA, P.O. HERIBERTO MERCADO, P.O. COURTNEY HAMLIN, CHIEF JOSEPH ESPOSITO, CHIEF NICHOLAS ESTAVILLO, ASST. CHIEF BRUCE SMOLKA, DEPUTY CHIEF THOMAS PURTELL, DEPUTY COMMISSIONER JOHN COLGAN, CHIEF PATRICK DEVLIN, INSP. THOMAS GRAHAM, DEPUTY CHIEF TERENCE MONAHAN, CAPT. JOSEPH DOWLING, and P.O.s JOHN and JANE DOE #1-50 to engage in the wrongful conduct heretofore alleged in this Complaint.

## THIRTEENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## <u>NEGLIGENT TRAINING AND SUPERVISION</u>

### (AGAINST DEFENDANT CITY OF NEW YORK ONLY)

237.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "236" with the same force and effect as if fully set forth herein.

238.    Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who authorized, conducted and participated in the arrest of plaintiffs.

239.    As a result of the foregoing, each plaintiff is entitled to compensatory damages in the sum of five million dollars ($5,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of five million dollars  ($5,000,000.00).

**WHEREFORE**, each plaintiff demands judgment in the sum of five million dollars ($5,000,000.00) in compensatory damages and five million dollars ($5,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:      New York, New York
            August 13, 2007

                                    _____/s_____
                                    ROSE M. WEBER (RW 0515)
                                    225 Broadway, Suite 1608
                                    New York, NY 10007
                                    (212) 748-3355